AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| NORMAN MOSCH and LESLIE MCLEARY | ) | Case No. 13-8171-DLB |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  December 2012 through 12/24/2012  in the county of  Palm Beach  in the  Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846, 841(a)(1) | Conspiracy to possess with intent to distribute cocaine |

This criminal complaint is based on these facts:

Please see affidavit of Task Force Officer Jonathan Kautz, which is attached hereto and incorporated fully herein.

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA TFO Jonathan Kautz
Printed name and title

Sworn to before me and signed in my presence.

Date: 03/27/2013

_____
Judge's signature

City and state:  West Palm Beach, Florida      Hon. Dave Lee Brannon, U.S. Magistrate Judge
Printed name and title

Case No. 13-8171-DLB

## AFFIDAVIT

I, Jonathan Kautz, a Task Force Officer with the United States Drug Enforcement Administration ("DEA"), United States Department of Justice, having been duly sworn, depose and state as follows:

1. As a Task Force Officer ("TFO") of the United States Department of Justice, I am authorized to conduct criminal investigations of violations of Title 21 of the United States Code. I am a sworn Police Officer with the Boynton Beach Police Department ("BBPD"), and have served in that capacity since May 2000. I am currently assigned to the BBPD Narcotics Unit and attached to the DEA Task Force. I have successfully completed the Florida Criminal Justice Standards and Training Police Academy and am certified by the Criminal Justice Standards and Training Commission as a Law Enforcement Officer. I have successfully completed the DEA - Basic Narcotics and Dangerous Drugs School to include several narcotics investigative related schools.

2. I have received extensive training in conducting narcotics investigations and in identifying the means and methods used by narcotics traffickers. I have conducted or participated in numerous investigations of this nature. Much of this training and experience has been directed at the detection, investigation, seizure, and prosecution of individuals involved in the manufacture, possession, and distribution of controlled substances. Through my training, education and experience, which has included debriefing cooperating drug traffickers, monitoring wiretapped conversations of drug traffickers, acting in an undercover capacity, conducting searches of locations where drugs and money have been found, and conducting surveillance on individuals engaged in drug trafficking. I have learned the various methods and

1

actions that drug traffickers utilize in an effort to thwart law enforcement. I have also received specialized training in money laundering investigations, including investigations involving structured transactions.

3. This affidavit is submitted in support of a criminal complaint charging Norman MOSCH and Leslie MCLEARY with conspiracy to possess with the intent to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). Since this affidavit is being submitted for the limited purpose of a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have only set forth the facts I believe are necessary to establish the foundation for issuance of the criminal complaint. These facts are both personally known by me as well as relayed to me by others.

4. On Monday, December 24th, 2012, DEA Special Agent Victor Gobbi, Boynton Beach Police Department Agent Scott Spruill, and I responded to Bethesda Hospital located 2815 S. Federal Hwy, Boynton Beach, Florida.

5. Agents made contact with Bethesda Emergency Room staff who advised that Boynton Beach Fire Rescue responded to 1939 NE 6th Street, Boynton Beach regarding a subject lying on the ground motionless in the driveway. Emergency Room staff stated that the subject identified as Norman MOSCH claimed to have just returned from Jamaica and swallowed numerous cocaine pellets. ER staff provided your affiant an x-ray copy of MOSCH'S torso, which showed numerous oval shaped pellets within the intestine and digestive tract.

6. Agents made contact with MOSCH who at this time was awaiting surgery. MOSCH was read his Miranda Rights which he acknowledged and understood. MOSCH agreed to speak with law enforcement. MOSCH stated he swallowed at least sixty cocaine pellets in Jamaica and had planned on cooking the cocaine into crack and selling it to local dealers for a large profit.

2

MOSCH stated when he returned to the United States he started feeling sick and at one point thought he was going to die. During your affiant's questioning, a single pellet exited his anus and was recovered by ER staff. The pellet was then turned over to Agent Spruill, who seized the suspected contraband. Due to MOSCH'S deteriorating condition, no further questions were asked.

7. Agents were then notified by ER staff that a subject was in the Emergency Room asking about MOSCH's welfare. Agents made contact with Leslie MCLEARY, who appeared nervous and reluctant to speak. MCLEARY stated he did not know what happened to his friend MOSCH and did not recall how he learned of MOSCH'S condition. MCLEARY did state that MOSCH advised him that he needed help trying to get rid of "it." When I asked MCLEARY if he knew what MOSCH was trying to say, MCLEARY stated, "Cocaine." MCLEARY admitted to trying to help MOSCH expel the pellets but then refused to answer further questions. MCLEARY provided his home address of 1939 NE 6th Street, Boynton Beach, which is the same address where MOSCH was originally located.

8. Agents accompanied MOSCH to the operating room where the surgeon removed approximately eighty-two pellets of suspected cocaine from MOSCH. An additional pellet had been torn open which caused MOSCH to go through cocaine toxicity and possible internal infection. All pellets were turned over to BBPD Crime Scene Investigators and later entered into BBPD Evidence Department. One of the pellets was tested by the laboratory resulting in positive results for cocaine presence.

9. Later on December 24, 2012, officers responded to the address of 1939 NE 6th Street, Boynton Beach and made contact with MCLEARY's wife, identified as Veronica SHELTON. SHELTON stated she did not know anything about MOSCH'S condition or about MOSCH lying

helpless in her driveway. SHELTON stated she worked throughout the night and sleeps during the day. SHELTON signed a Boynton Beach Police Consent to Search form, and requested that she accompany the officers during the search. An interior search of the residence revealed the following; small digital scale, commercial grade plastic wrap, and several types of laxative pill bottles. These items were all located on the kitchen counter and appeared to have been open and used. Photos of the items were taken. In my training and experience, the digital scale and plastic wrap are items that are consistent with the distribution of narcotics. Additionally, when individuals attempt to smuggle narcotics by swallowing pellets containing the narcotics, laxatives are used to assist in passing the pellets from the individual's body. When I asked SHELTON when was the last time her husband went to Jamaica, she replied, "He just got back a few days ago."

10. On December 27, 2012, Bethesda Hospital informed me that MOSCH had expelled three more pellets from his body into a colostomy bag. Agent Spruill and I responded and seized the additional pellets. On January 4, 2013, the hospital again informed me that MOSCH had expelled one additional pellet. Agent Spruill and I again responded and seized the additional pellet. In total the recovered pellets weigh approximately 960 grams.

11. On January 23, 2013, agents made contact with MOSCH at Bethesda Hospital, where he had remained an inpatient since his surgery. This was law enforcement's first contact with MOSCH since the surgery. MOSCH was again read his Miranda Rights which he acknowledged and understood. MOSCH stated the following: MCLEARY and MOSCH have been friends for approximately ten years. MCLEARY has been smuggling cocaine into the United States during this time. In December 2012, MCLEARY approached him about smuggling a load of cocaine from Jamaica. MCLEARY organized and paid for two round trip tickets on Celebrity Cruises.

4

MCLEARY and MOSCH shared a room on the ship as it departed Miami and proceeded to Jamaica. Once in Jamaica, MCLEARY and MOSCH exited the ship and met up with a Jamaican male that goes by the name "Rob Roy" at an unknown hotel. MOSCH swallowed forty pellets of cocaine while MCLEARY was in another room also ingesting cocaine pellets. MCLEARY and MOSCH then boarded the ship as it proceeded to its next destination. MOSCH did not exit his stateroom until arrival back at the Port of Miami due to feeling sick. MCLEARY and MOSCH returned to MCLEARY'S residence in Boynton Beach. MOSCH said that MCLEARY left him in the garage on the floor with stomach pains and he would get a visit from MCLEARY once in awhile, usually to provide him with more laxatives. The last thing MOSCH remembers was waking up and being at the hospital.

12. Agents made contact and issued an administrative subpoena to Celebrity Cruise Lines Legal Department for information pertaining to travel by MOSCH and MCLEARY. Celebrity Cruise Lines provided the following information in response to this subpoena:

- Cruise Number CS05W019
- Booking Number 7201513
- Passengers- Leslie MCLEARY and Norman MOSCH
- Departed Miami on 15th December 2012
- At Sea on 16th December 2012
- Jamaica on 17th December 2012
- Grand Cayman on 18th December 2012
- At Sea on 19th December 2012
- Arrival Miami on 20th December 2012

5

13. Agents executed a state search warrant on MCLEARY'S phone, which revealed a series of text messages on December 23, 2012 to and from phone number 561-396-3909, which is subscribed to his wife SHELTON. These texts reveal a conversation concerning whether a doctor had been called.

| Incoming or Outgoing | Original Text | Your Affiant's Interpretation |
|---|---|---|
| Incoming- | "Don't have any u need something 4 him 2 pass them out" | Don't have any, you need something for him to pass them out? |
| Outgoing | "He jus vomit sum brown liquid but since den e say e feel better" | He just vomited some brown liquid, but since then he says he feels better. |
| Incoming | "Did u call de dr" | Did you call the doctor? |
| Outgoing | "No, F e not ded by 2moro I will cal" | No, if he's not dead by tomorrow, I will call. |
| Outgoing | "Went to Walgreen to get sum stuff" | Went to Walgreen's to get some stuff. |
| Outgoing | "Supository enema electrolyte solution I found the water bag wid da long hose" | Suppository enema electrolyte solution. I found the water bag with the long hose. |
| Outgoing | "Hope e is alive by d time I get bak" | Hope he is alive by the time I get back. |
| Incoming | "Antibiotic not going to bush them out" | Antibiotics not going to push them out |
| Outgoing | "No but accordin to wat I read it will prevent infection an stop dem from rupturing his tripe". | No, but according to what I read, it will prevent infection and stop them from rupturing his tripe. |

14. Based on the foregoing facts, I have probable cause to believe that Norman MOSCH and Leslie MCLEARY did knowingly and willfully conspire to possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States

6

Code, Sections 846 and 841(a)(1), and that the aforementioned violations occurred in the Southern District of Florida and elsewhere.

_____
JONATHAN KAUTZ, Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 27th day of March 2013.

_____
HON. DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. __13-8171-DLB__

UNITED STATES OF AMERICA

v.

NORMAN MOSCH and
LESLIE MCLEARY,

        Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

BY: _/s/ Alexandra Hui_
    ALEXANDRA HUI
    ASSISTANT UNITED STATES ATTORNEY
    Court I.D. No.: A5501746
    99 N. E. 4th Street
    Miami, Florida 33132
    TEL (305) 961-9066
    FAX (305) 530-7976
    alexandra.hui@usdoj.gov